IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| WAYNE A. BESTER | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:11cv174-LG-RHW |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | DEFENDANT |

## REPORT AND RECOMMENDATION

Before the Court is [8] the August 18, 2011 motion to dismiss for lack of subject matter jurisdiction filed by Michael J. Astrue, the Commissioner of Social Security(Commissioner). The Plaintiff, Wayne A. Bester filed this action on April 15, 2011, seeking judicial review of the February 18, 2011 decision of the Appeals Council of the Social Security Administration affirming its Administrative Law Judge's October 5, 2010 dismissal of Bester's March 23, 2009 application for disability benefits. The ALJ dismissed the claim without a hearing, holding the application barred by res judicata based upon the Commission's determinations in Bester's prior applications. *See* docket entries [1-5], [1-4], [8-1]. The Commissioner contends the Court lacks subject matter jurisdiction because there is no provision for judicial review of a decision dismissing an application for social security benefits on res judicata grounds.

### Facts and Procedural History

The pleadings on file show that Wayne Bester has filed a number of applications for social security disability benefits, as shown by the declaration of Donald V. Ortiz, Acting Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, and the exhibits to said declaration [8-1], [8-2], [8-3] and [8-4], as briefly summarized in the following chronology:

> September 20, 1999 - Bester filed an application for disability benefits which was denied at the initial level. Bester did not pursue that claim further.
>
> February 28, 2002 - Bester filed applications for disability benefits and SSI, alleging disability as of January 6, 1999, which were denied initially and on reconsideration. Following a hearing conducted at Bester's request, the ALJ found Bester was not disabled in a decision rendered December 18, 2003. Bester sought no further review of these claims.
>
> August 30, 2006 - Bester filed claims alleging disability as of December 18, 2003. These applications were denied initially and on reconsideration, and following a hearing at which Bester was represented by counsel, the ALJ found Bester was not disabled from December 19, 2003 through the date of his decision on December 18, 2008. [8-1], [8-3] Bester requested review of this decision by the Appeals Council. The Appeals Council denied review on September 22, 2010. [8-4] Bester sought no further review of that decision.

On March 23, 2009, Bester filed application for benefits alleging disability as of January 6, 1999. This application was denied initially and on reconsideration. Bester, who was represented by counsel, requested a hearing on December 23, 2009. The ALJ issued her decision on October 5, 2010, dismissing the request for hearing based on res judicata, by virtue of the previous final decisions of December 18, 2003 and December 18, 2008. [1-4], [8-4, pp. 11-12] The Appeals Council denied Bester's request for review of the ALJ's dismissal of the request for hearing on February 11, 2011. [1-5] This is the decision for which Bester seeks judicial review.

In his response to the motion, Bester contends the Court has jurisdiction because the Appeals Council failed to reopen his claim to consider "new and material evidence," *i.e.*, a report from Dr. James Riser dated well over a month after the ALJ dismissed the hearing request.

<u>Law and Analysis</u>

The Commissioner asserts Plaintiff has failed to show the Court has subject matter jurisdiction in this case. It is the burden of the party asserting jurisdiction to prove jurisdiction exists. In *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), the Fifth Circuit stated:

> Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996).

The undersigned is of the opinion that the Court lacks subject matter jurisdiction to review the matters set out in Bester's complaint. This finding is based upon the complaint supplemented by the undisputed facts established by the Ortiz declaration and its attached exhibits, and the other official records presented as exhibits by the parties.

This Court's jurisdiction to review decisions of the Commissioner of Social Security is limited exclusively to that provided by statute:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405 (g). The statute plainly requires a "final decision" by the Commissioner, made after a hearing to which the claimant was a party. While the Social Security Act does not define "final decision," the regulations promulgated by the Commissioner require that a claimant complete a four-step administrative review process to obtain a judicially reviewable final decision: (1) initial determination, (2) reconsideration, (3) administrative hearing, and (4) Appeals Council review. See, 20 C.F.R. §§ 404.900, 416.1400. The Commissioner is authorized to dismiss a hearing request if

> [t]he doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action.

20 C.F.R. §§ 404.957(c) and 416.1457(c) (2011). The District Court does not have jurisdiction to review the decision by the Commissioner determining that a claim is res judicata. *See* 42

U.S.C. § 405(g); *Califano v. Sanders*, 430 U.S. 99, 108 (1977); *see also*, *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). No judicially reviewable final decision results from dismissal of a request for an administrative hearing, and refusal by the Appeals Counsel to review that decision. 20 C.F.R. §§ 404.959 and 416.1459. Since no hearing took place in Bester's case, the Commissioner rendered no "final decision," and this Court does not have jurisdiction to review those proceedings. Furthermore, absent a colorable constitutional challenge, which Bester has not made, Federal courts do not have subject matter jurisdiction to review a decision not to reopen a prior administrative determination. *Califano v. Sanders*, 430 U.S. at 107-109; *Brandyburg v. Sullivan*, 959 F.2d 555, 561 (5th Cir. 1992); *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986); *Hensley v. Califano*, 601 F.2d 216 (5th Cir. 1979)("refusals to reopen and determinations that a claim is res judicata are not reviewable").

## RECOMMENDATION

Upon consideration of all pleadings on file, the briefs and memoranda submitted by the parties, and the controlling law, the undersigned is of the opinion that the Court lacks subject matter jurisdiction to review the matters set out in Plaintiff's complaint, and recommends that [8] the Commissioner's motion to dismiss be granted, and this case, dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to it. Objections must be filed with the clerk of court, served upon the other parties and submitted to the assigned District Judge. Within seven days of

service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 4th day of April, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE